**Justin C. Sawyer, P.C.**, OSB No. 014057
justin.sawyer@millernash.com
**Elizabeth Tedesco Milesnick**, OSB No. 050933
elizabeth.milesnick@millernash.com
MILLER NASH GRAHAM & DUNN LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
Telephone:  503-224-5858 / Fax:  503-224-0155

Attorneys for Defendants Chrome Data Solutions, LP
and Chrome Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHROME DATA SOLUTIONS, LP, a Delaware company; CHROME SYSTEMS INC., a Delaware corporation; DOES 1-10,<br><br>　　　　　　Defendants. | Case No. 3:16-cv-00057-PK<br><br>DEFENDANTS' MOTION TO DISMISS<br>(Fed R Civ P 12(b)(6))<br><br>**(Oral Argument Requested)** |

## I.    LR 7-1 CERTIFICATE OF CONFERRAL

Counsel for defendants Chrome Data Solutions, LP and Chrome Systems Inc. (together, "Chrome") have conferred in good faith with counsel for plaintiff eVox Productions, LLC ("eVox") and the parties have been unable to resolve this dispute.

Page 1 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70095516.4

## II.   MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Chrome moves to dismiss this action for failure to state a claim because eVox filed this action before conditions precedent to filing a lawsuit had been satisfied.

eVox's claims arise under the copyright license agreement attached as Exhibit 2 to the Complaint. Paragraph 11.2 of the agreement unambiguously requires negotiation and mediation "*before* resorting to any other legal remedy," including the filing of a lawsuit. eVox has not complied with the terms it agreed to in paragraph 11.2, but instead, filed this action when Chrome was attempting to advance an informal resolution of the dispute.

In paragraph 45 of the Complaint, eVox admits that the mediation requirement has not been satisfied, unequivocally establishing that this action should be dismissed pursuant to paragraph 11.2 and applicable law. *See, e.g., Brooks v. Caswell*, No. 3:14-cv-01232-AC, 2015 WL 5178080, at *4 (D Or Sept. 3, 2015) (slip copy) (recognizing that dismissal is appropriate "[w]here a contract requires mediation as a condition precedent to litigation").

For this reason and those discussed below, defendants respectfully request that this action be dismissed. This motion is supported by the memorandum below, the Complaint and its exhibits, and the pleadings and records in this case.

## III.   MEMORANDUM

A.   **Factual Background.**

In 2003, eVox and defendant Chrome Systems, Inc. entered into a Copyright License Agreement ("Agreement") allowing Chrome to sublicense certain copyrighted images owned by eVox. (Complaint, Dkt. No. 1 ("Compl.") ¶ 2, Ex. 2).[1] With regard to alternative dispute resolution, paragraph 11.2 of the Agreement provides as follows:

---

[1] The Complaint also alleges that Chrome Data Solutions, LP is Chrome Systems' successor in interest. (Compl., ¶ 2.)

Page 2 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70095516.4

"Except for claims for provisional equitable relief, all disputes arising hereunder shall be settled in an amicable discussion between the signatories to this Agreement including their appointee or successors.  If any dispute should arise between the parties which cannot be resolved in such manner, *before resorting to any other legal remedy* (other than provisional equitable remedies such as temporary injunction and/or restraining order), *the parties shall attempt in good faith to resolve any such controversy or claim by mediation* before and in compliance with the rules established by any mutually acceptable alternative dispute resolution organization.  The selection of an organization shall be made within ten (10) business days after notification from one party to the other of a desire to mediate a dispute.  If an organization/judge and applicable rules have not been agreed upon within such ten-day period, then the dispute shall be mediated in accordance with the Center for Public Resources ("CPR") Model Procedure for Mediation of Business Disputes, and a single mediator will be chosen by CPR.  *If the parties are unable to resolve the dispute within sixty (60) days of submission to the mediation organization, then either party may file suit* solely in [specified locations]."  (*Id.*, Ex. 2 ¶ 11.2 (emphasis added)).

eVox alleges in the Complaint that on October 26, 2015, its counsel sent a letter to Chrome notifying Chrome of its potential claims against the company and seeking "to initiate alternative dispute resolution procedures as set forth in Paragraph 11.2."  (*Id.* at ¶ 43.)  The parties agreed to meet to discuss resolution of the dispute and traded e-mails regarding possible dates for the meeting and what information should be exchanged in advance of the meeting.  In the midst of making these arrangements, on January 13, 2016, eVox filed this lawsuit.  (*Id.*)

In the Complaint, eVox is forced to concede that "the parties have not yet engaged in a mediation."  (*Id.* at ¶ 46.)  Nonetheless, eVox alleges it "filed the instant complaint in order to preserve its claims in the face of Defendants' unwillingness to enter into an effective tolling agreement pending the parties' efforts at alternative dispute resolution."  (*Id.*)  As discussed below, eVox's concern for the timeliness of its claims does not justify its failure to satisfy an unambiguous condition precedent to which it agreed.

B.  **Rule 12(b)(6) Legal Standard.**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F3d 729, 732 (9th Cir 2001).  Dismissal is proper under Rule 12(b)(6) where the

Page 3 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70095516.4

pleadings fail to state a claim upon which relief can be granted. Fed R Civ P 12(b)(6). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F2d 530, 534 (9th Cir 1984).

### C. eVox's Complaint Should Be Dismissed for Failure to Satisfy an Unambiguous Condition Precedent in the Agreement.

As both Oregon and California courts have held,[2] "Where a contract requires mediation as a condition precedent to litigation, courts may dismiss the claim." *Brooks*, 2015 WL 5178080, at *4. *See also Delamater v. Anytime Fitness, Inc.*, 722 F Supp 2d 1168, 1180-81 (ED Cal 2010) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."); *Centaur Corp. v. ON Semiconductor Components Indus., LLC*, No. 09 CV 2041 JM (BLM), 2010 WL 444715, at *3 (SD Cal Feb. 2, 2010) (unpublished opinion) (same); *Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, 2008 WL 2388392, at *1 (ND Cal June 6, 2008) (unpublished opinion) (same); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 WL 3232276, at *8 (ND Cal Nov. 1, 2007) (unpublished opinion) ("A claim that is filed before a mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be dismissed.").

In *Brooks*, the plaintiff filed a lawsuit asserting claims stemming from an agreement requiring that "the Parties agree first to try in good faith to settle the dispute by non-binding mediation before resorting to … litigation." *Brooks*, 2015 WL 5178080, at *2. After filing—but before service—of the lawsuit, the parties engaged in an unsuccessful attempt to mediate the dispute. *Id.* Defendants sought dismissal of plaintiff's claims (via an affirmative defense) for failure to satisfy a condition precedent to the filing of those claims. *Id.* at *4. The

---

[2] Pursuant to paragraph 11.1 of the Agreement, this case is governed by California law. (Compl., Ex. 2 ¶ 11.1.) On all relevant points, California law and Oregon law are consistent.

Page 4 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70095516.4

Court observed, "[t]o determine whether the mediation clause is a condition precedent, a court 'appl[ies] ordinary principles of contract interpretation, subject to a presumption in favor of [mediation].' *Gemstone Builders, Inc. v. Stutz*, 245 Or. App. 91, 95 (2011). If 'the text of the disputed provision, in the context of the document as a whole ... is clear, the analysis ends.' *Yogman v. Parrott*, 325 Or. 358 (1997)." *Id.* at *5. The Court noted that the agreement's mediation provision "is an unambiguous condition precedent to any claim arising out of or related to the Agreement," and held that plaintiff's failure to first mediate the dispute served as grounds for dismissal of the claim. *Id.* at *6.

Likewise, in *Delamater*, the parties' agreement unambiguously provided that the parties would "enter into mediation of all disputes … prior to initiation [of] any legal action" against one another, and there was "no dispute that the parties have not engaged in mediation." *Delamater*, 722 F Supp 2d at 1172, 1180. The court noted that the plaintiff "failed to satisfy the condition precedent necessary to trigger the right to initiate litigation," dismissing the complaint without prejudice as premature. *Id.* at 1181.

Here, too, the Agreement unambiguously requires that "the parties *shall* attempt in good faith to resolve any such controversy or claim by mediation," and that they must do so "*before* resorting to any other legal remedy." (Compl., Ex. 2 ¶ 11.2 (emphasis added)). There is no dispute that the parties have not engaged in mediation.[3] As a result, the Complaint should not have been filed and should now be dismissed.[4]

///

---

[3] Although eVox alleges that "[a]s of the filing of this complaint Defendants have not agreed to participate in a mediation" (*id.* at ¶ 45), the parties were plainly engaged in the first step of the process set forth in paragraph 11.2 of the Agreement: finding a date for "an amicable discussion between the signatories to [the] Agreement." If such discussions were ultimately unsuccessful, Chrome would have agreed to submit the matter to mediation pursuant to paragraph 11.2.

[4] Chrome reserves its right to seek attorney fees and costs incurred pursuant to 28 USC § 1927, which allows the Court to award full costs and attorney fees caused by unreasonable and vexatious conduct.

Page 5 -     Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70095516.4

**D.   eVox's Statute of Limitations Concerns Do Not Affect the Operation of the ADR Provision to Which the Parties Agreed.**

The Complaint alleges that eVox filed this lawsuit prematurely "in order to preserve its claims in the face of Defendants' unwillingness to enter into an effective tolling agreement pending the parties' efforts at alternative dispute resolution." (Compl., ¶ 46). But this concern neither justifies nor excuses eVox's failure to fulfill a condition precedent to filing a lawsuit. The Agreement allows eVox to file suit "[i]f the parties are unable to resolve the dispute within sixty (60) days of submission to the mediation organization." (*id.*, Ex. 2 ¶ 11.2.) The Agreement does not allow eVox to unilaterally circumvent this agreed-upon process.

For example, in *Brooks*, the cover letter enclosing plaintiff's complaint explained, "Because of concerns regarding a potential statute of limitation, it was necessary to file the complaint without delay." *Brooks*, 2015 WL 5178080, at *1. While the court recognized that this excuse may create a factual question as to whether plaintiff could invoke that contract's "emergency" exception to the mediation requirement (a provision *not* found in the Agreement here), timeliness concerns did not affect the court's holding that defendants could be entitled to dismissal based on plaintiff's failure to mediate before filing. *Id.* at *5. After all, as the defendants argued in *Brooks*, plaintiff's timing problems were created by "[her] own inaction." *Id.* at *6.

The law is clear that plaintiffs must operate according to the ADR-related conditions precedent even where dismissal might raise statute of limitations problems. Here, where eVox admits that "the parties have not yet engaged in a mediation" (Compl., ¶ 46), dismissal is both warranted and appropriate.

///

///

///

///

Page 6 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70095516.4

## IV.  CONCLUSION

For all the foregoing reasons, Chrome respectfully requests that the Court dismiss eVox's complaint.

DATED:  May 19, 2016.

        MILLER NASH GRAHAM & DUNN LLP

        *s/ Elizabeth Tedesco Milesnick*
        Justin C. Sawyer, P.C., OSB No. 014057
        justin.sawyer@millernash.com
        Elizabeth Tedesco Milesnick, OSB No. 050933
        elizabeth.milesnick@milernash.com
        Telephone:  503-224-5858
        Fax:  503-224-0155
        Attorneys for Defendants Chrome Data
         Solutions, LP and Chrome Systems, Inc.

Page 7 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70095516.4

I hereby certify that I served the foregoing Defendants' Motion to Dismiss on:

| | |
|---|---|
| Anna Sortun, OSB No. 045279<br>Tonkon Torp LLP<br>1600 Pioneer Tower<br>888 S.W. Fifth Avenue<br>Portland, OR  97204-2099<br>Fax:  503-972-3807<br>E-mail:  anna.sortun@tonkon.com | Duane A. Bosworth, II<br>Timothy M. Cunningham<br>Stuart R. Dunwoody<br>Davis Wright Tremaine, LLP<br>1300 S.W. Fifth Avenue, Suite 2400<br>Portland, OR  97201-5630<br>Fax:  503-778-5299<br>E-mail:  duanebosworth@dwt.com<br>E-mail:  timcunningham@dwt.com<br>E-mail:  stuartdunwoody@dwt.com |
| Jeanne A. Fugate, *pro hac vice*<br>Kelly L. Perigoe, *pro hac vice*<br>Robyn C. Crowther, *pro hac vice*<br>Caldwell Leslie & Proctor, PC<br>725 S. Figueroa Street, 31st Floor<br>Los Angeles, CA  90017<br>Fax:  213-629-9022<br>E-mail:  fugate@caldwell-leslie.com<br>E-mail:  perigoe@caldwell-leslie.com<br>E-mail:  crowther@caldwell-leslie.com | *Attorneys for Defendant Chrome Systems, Inc.* |

*Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Overnight courier, delivery prepaid.**

DATED:  May 19, 2016.

*s/ Elizabeth Tedesco Milesnick*
Elizabeth Tedesco Milesnick, OSB No. 050933
*Of Attorneys for Defendants Chrome Data Solutions, LP and Chrome Systems, Inc.*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70095516.4